HANG AND ASSOCIATES, PLLC
KELI LIU (KL 9008)
136-18 39th Ave. Suite 1003
Flushing, NY 11355
Tel: (718) 353-8588
Fax: (718) 353-6288
*Attorneys for the Plaintiff and proposed FLSA Collective
Class Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEI ZHAO, on behalf of herself and others similarly situated,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>RICE SHOP RESTAURANT, RAYMOND LI<br><br>　　　　　　　　　　　Defendants. | Case No.<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff LEI ZHAO, on his own behalf and on behalf of all others similarly situated, by and through his undersigned attorneys, Hang & Associates, PLLC, hereby files this complaint against Defendants RICE SHOP RESTAURANT, RAYMOND LI (collectively, "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA") that he is entitled to recover from Defendants: (1) unpaid overtime, (2) statutory minimum wages, (3) liquidated damages, and (4) attorney's fees and costs.

2. Plaintiff further alleges that, pursuant to the New Jersey State Wage and Hour Law, N.J. Stat. Ann. § 34:11-56a *et seq*. ("NJWHL"), he is entitled to recover from Defendants: (1)

unpaid overtime, (2) unpaid minimum wages, (3) liquidated damages, and (4) attorney's fees and costs.

## JURISDICTION AND VENUE

3. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

4. This Court may properly maintain jurisdiction over Defendants because Defendants' contacts with this state and this judicial district, including but not limited to operating a principal place of business and employing workers in this judicial district, are sufficient to exercise jurisdiction over Defendants while complying with traditional notions of fair play and substantial justice.

5. This Court has jurisdiction over this controversy under 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337, and 1343 because the claims asserted herein seek to redress violations of the Plaintiff's federal civil and statutory rights.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because these claims are so closely related to Plaintiff's federal law wage and hour, discrimination, and retaliation claims that they form parts of the same case or controversy under Article III of the United States Constitution; specifically, all claims asserted herein arise from Defendant's failure to pay required wages while Plaintiff worked at Rice Shop.

7. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391 because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims herein occurred in this judicial district.

## PARTIES

8. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

9. The Plaintiff, Lei Zhao ("Mr. Zhao"), is a former Rice Shop Restaurant ("Rice Shop") employee.

10. Upon information and belief, Rice Shop is a domestic business corporation organized under the laws of New Jersey, with a principal place of business located at 304 Washington Street, Hoboken, NJ 07030.

11. Upon information and belief, Defendant Raymond Li is a Principal of Rice Shop. Li had the power to (i) fire and hire, (ii) determine rates and methods of payment and (iii) otherwise affect the quality of Plaintiff's employment and the employment of other similarly situated employees, and he therefore exercised control over the terms and conditions of Plaintiff's employment and those of similarly situated employees.

12. At all relevant times, Rice Shop acted by and through its agents, servants, and employees, including Li, each of whom acted at all relevant times in the course and scope of their employment with and for Rice Shop.

13. At all relevant times, Mr. Zhao's work was directly essential to the business operated by Defendants because, *inter alia*, he transported goods, produced by Defendants, to and from Rice Shop's principal place of business and because he is not otherwise exempted under the FLSA.

14. At all relevant times, Mr. Zhao was Defendants' employee within the meaning of the FLSA and the NJWHL. 29 U.S.C. § 203(e); N.J.S.A. 34:11-56a1(h).

15. At all relevant times, Plaintiff was engaged in commerce because Plaintiff handled, used, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce, including food ingredients, items, and packaging produced around the country and/or abroad.

16. At all relevant times, Defendants knowingly and willfully failed to pay Mr. Zhao his lawfully earned overtime wages, in direct contravention of the FLSA and the NJWHL.

17. Upon information and belief, at all relevant times, Rice Shop (i) has or had employees engaged in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce; and (ii) at all relevant times, Rice Shop's gross annual volume of business was not less than $500,000.

18. Upon information and belief, Rice Shop was an employer as defined by the FLSA and the NJWHL. 29 U.S.C. § 203(d); N.J.S.A. 34:11-56a1(g)

19. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

**STATEMENT OF FACTS**
(WAGE AND HOUR ALLEGATIONS)

20. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

21. On or about January 25, 2015, Mr. Zhao was hired by Defendants and/or their predecessors, as applicable, to work as a delivery person for Rice Shop, located at 304 Washington Street, Hoboken, NJ 07030.

22. Mr. Zhao worked for Rice Shop from about January 2015 until about July 2015.

23. During Mr. Zhao's employment by Defendants, he worked over forty (40) hours per week.

**Period I**

24. From about January 1, 2015 through about June 30, 2015, Mr. Zhao generally worked six days per week under the following schedule. On Sunday, he worked from 11:00am to 10:50pm. On Monday, Tuesday, Wednesday, Friday, and Saturday, he worked from 10:40am to 11:20pm. He was off on Thursday. Mr. Zhao therefore worked over 75 hours each week during this period.

25. Mr. Zhao was compensated by a fixed monthly salary of $1,300 in cash during this period, regardless of the hours he worked.

26. Defendants did not track or take records of the number of hours Plaintiff worked. Defendants did not utilize a "punch clock" system, nor was Plaintiff required to verify the number of hours he worked.

27. The applicable New Jersey minimum wage for this period is $8.38 per hour.

**Period II**

28. From about July 1, 2015 through July 31, 2015, Mr. Zhao generally worked four days per week under the following schedule. On Tuesday, Wednesday, Friday, and Saturday, he worked from 10:40am to 11:20pm. He was off on Sunday, Monday, and Thursday. Mr. Zhao therefore worked 50.67 hours per week during this period.

29. During this period, Mr. Zhao was compensated at a daily rate of $50 in cash.

30. The applicable New Jersey minimum wage for this period is $8.38 per hour.

(COLLECTIVE ACTION ALLEGATIONS)

31. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

32. In violation of the FLSA, the NJWHL, and their corresponding federal and state regulations, Defendants knowingly and willfully operated their business with a policy or practice of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half) or the New Jersey overtime rate (of time and one-half).

33. Through entry of judgment in this case (the "Collective Action Period"), Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, who failed to receive minimum wage and/or overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and who have been subject to the same common decision, policy, and plan not to provide required wage notices at the time of hiring, in contravention of federal and state labor laws.

34. Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identities and precise number of such persons are unknown, and the facts upon which that number may be calculated are currently within the sole control of the Defendants. Upon information and belief, there are more than ten (10) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, lack access to attorneys, or lack knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

35. Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and has retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

36. This action should be certified as collective action because the prosecution of separate actions by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interests of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

37. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

38. Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

    a. Whether the Defendants employed Collective Action Members within the meaning of the FLSA;

    b. Whether the Defendants failed to pay the Collective Action Members statutory minimum wages required by the FLSA and the NJWHL.

7

c. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA, the NJWHL, and the regulations promulgated thereunder;

d. Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and,

e. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements, and attorneys' fees.

39. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

40. Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

**STATEMENT OF CLAIMS**

**COUNT I.**
[Violations of the Fair Labor Standards Act—
Minimum Wage Brought on behalf of the Plaintiff and the FLSA Collective]

41. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

42. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the similarly situated collective action members, for some or all of the hours they worked.

43. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §§ 206 shall be liable to the employees affected in the amount of their unpaid minimum compensation plus an equal amount as liquidated damages.

44. Defendants knowingly and willfully disregarded the provisions of the FLSA in failing to compensate Plaintiff and Collective Class Members at the statutory minimum wage when they knew or should have known that such wages were due and that failure to remit such wages would financially injure Plaintiff and Collective Action members.

## COUNT II.
[Violation of New Jersey Labor Law—
Minimum Wage Brought on behalf of Plaintiff and Rule 23 Class]

45. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

46. At all relevant times, Plaintiff was employed by Defendants within the meaning of NJWHL.

47. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the collective action members, for some or all of the hours they worked.

48. Defendants knowingly and willfully violated Plaintiff's and similarly situated Class Members' rights by failing to pay him minimum wages in the lawful amount for hours worked.

49. By failing to pay Plaintiff and the class, the Plaintiffs and Class Members are entitled to recover from Defendants their full unpaid minimum wage, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursement of the action pursuant to N.J.S.A. §§ 34:11-56 et seq. N.J.S.A. § 34:11-56a35.

## COUNT III.
[Violations of the Fair Labor Standards Act—
Overtime Wage Brought on behalf of the Plaintiff and the FLSA Collective]

50. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

51. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. §207(a).

52. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 U.S.C. §216(b).

53. Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

54. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq*., including 29 U.S.C. §§ 207(a)(1) and 215(a).

55. The FLSA and supporting regulations require employers to notify employees about the FLSA's requirements. 29 C.F.R. § 516.4.

56. Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

57. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT IV.
[Violation of New Jersey Labor Law—
Overtime Pay Brought on behalf of Plaintiff and Rule 23 Class]

58. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

59. At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one and one half times the hourly rate the Plaintiff and the class are entitled to.

60. Defendants' failure to pay Plaintiff was not in good faith.

61. By failing to pay Plaintiff and the class, the Plaintiffs and Class Members are entitled to recover from Defendants their full unpaid overtime pay, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursement of the action pursuant to NJWHL §§34:11-56a *et seq*.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff, on behalf of

himself and members of the Class, demands a trial by jury on all questions of fact raised by the complaint.

Dated: March 1, 2017
      Flushing, New York

                                    HANG & ASSOCIATES, PLLC

                                    By: */s/ Keli Liu*_____
                                    Keli Liu, Esq.
                                    Hang & Associates, PLLC
                                    136-18 39th Avenue, Suite 1003
                                    Flushing, New York 11354
                                    Telephone: (718) 353-8588